```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF CONNECTICUT


HOPE A. TURNER                  :
        Plaintiff,              :
                                :
     v.                         :        No. 3:08CV1180 (DJS)
                                :
UNITED STATES                   :
        Defendant.              :
```

**RULING ON RENEWED MOTION TO DISMISS**

The plaintiff, Hope A. Turner, filed this action in the United States District Court for the Northern District of Florida on May 6, 2008. On June 13, 2008, United States District Judge Stephan P. Mickle of that district issued an Order transferring the complaint to the District of Connecticut. The case was received in the District of Connecticut on August 8, 2008.

The caption of the complaint included the following defendants: the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"), Warden Zickefoose, Lieutenant Gussik and Correctional Officers Kulp and Dematteo[1]. Plaintiff asserted that Warden Zickefoose, Lieutenant Gussak and Correctional Officers Kulp and DeMatteo, employees at FCI Danbury, had failed to protect her from assault by other inmates on December 13, 2007.

---

[1] Although the Complaint refers to defendants "Gussik" and "Dematteo," defendants' counsel refers to these defendants as "Gussak" and "DeMatteo." The Court will refer to these defendants as Gussak and DeMatteo.

1

On January 23, 2009, the Court issued an Initial Review Decision and Order, construing the complaint as filed pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) ("Bivens") and the Federal Tort Claims Act ("FTCA"), dismissing all claims for damages against defendants Zickefoose, Gussak, Kulp and DeMatteo in their official capacities pursuant to 28 U.S.C. § 1915A(b)(2) and permitting the claims for injunctive relief against defendants Zickefoose, Gussak, Kulp and DeMatteo in their official capacities to proceed. (Dkt. # 17.)

On July 10, 2009, the Court granted the defendants' motion to substitute the Unites States of America with regard to the FTCA claim and directed the Clerk to substitute the United States of America for any and all claims against FCI Danbury. (Dkt. # 34.) On April 28, 2010, the Court granted the defendants' motion to dismiss as to the plaintiff's *Bivens* claims against the individual defendants and denied that motion as to the plaintiff's FTCA claim against the United States. (Dkt. # 50.) Now pending before the Court is the defendant's renewed motion to dismiss the FTCA claim. That motion asserts, among other things, that the Court lacks subject-matter jurisdiction over the plaintiff's FTCA claim because the plaintiff did not file her claim within the time limit imposed by the applicable statute of limitations. Because the Court agrees that the claim is barred by the six month statute of limitations, defendant's renewed

motion to dismiss **(dkt. # 51)** is **GRANTED**.

**STANDARD OF REVIEW**

The defendant's renewed motion to dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(1), which authorizes motions contesting subject-matter jurisdiction. Although the Court has previously ruled on a motion to dismiss filed by the defendant, the Court recognizes that "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived. Moreover, courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (internal quotation marks and citation omitted). When subject-matter jurisdiction is challenged, "the district court may examine evidence outside of the pleadings to make this determination." *Arar v. Ashcroft*, 532 F.3d 157, 168 (2d Cir. 2008). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514.

**DISCUSSION**

In ruling on the defendant's initial motion to dismiss, the Court concluded that the plaintiff's FTCA claim was not deemed "a claim against the United States within the meaning of the FTCA's

3

exhaustion requirement" until the Attorney General certified in June 2009 that the federal employees originally named as defendants were acting within the scope of their employment at the time of the incident in question. (Dkt. # 50, at 17-19.) The Court noted that "[b]ecause plaintiff's claim had not yet been finally denied by the Bureau of Prisons at the time she commenced this action [on May 6,2008], the exhaustion requirement would have deprived this Court of jurisdiction over any FTCA claim against the United States" had the FTCA been deemed a claim against the United States at the time this action was commenced. (Dkt. # 50, at 17.)

In its renewed motion to dismiss, the defendant again argues that the substitution of the United States relates back to the date the complaint was filed, and that, as a result, the FTCA exhaustion requirement deprives this Court of subject-matter jurisdiction over plaintiff's FTCA claim. In the alternative, the defendant argues that if the substitution of the United States does not relate back to the date the complaint was filed, the complaint is barred by the FTCA six month statute of limitations.

The Court has already concluded that, for purposes of the FTCA exhaustion requirement, the plaintiff's FTCA claim was not deemed an action "against the United States" until the Attorney General filed his certification in June 2009. It would defy logic to conclude that the plaintiff's FTCA claim could not be

deemed an action against the United States prior to June 2009 for purposes of the FTCA exhaustion requirement, but could be deemed an action against the United States at an earlier date for purposes of the applicable statute of limitations. Consistent with the Court's previous determination, the plaintiff's FTCA action "against the United States" began at the time of the Attorney General's certification, i.e., in June 2009.

Section 2401(b) of 28 U.S.C. (the "FTCA statute of limitations") provides that:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

Thus the FTCA statute of limitations contains two time restrictions: (1) a requirement that a claim be filed in writing with the appropriate agency within two years after the claim accrues, and (2) a requirement that action is begun within six months after the date of mailing of notice of final denial by the agency. In *Willis v. U.S.*, 719 F.2d 608 (2d Cir. 1983), the Second Circuit gave careful consideration to whether the "or" in the FTCA statute of limitations "really intend[ed] the disjunctive. . . ." as to those two time restrictions. *Id.* at 610. After reviewing the history of the FTCA statute of limitations and considering the possibilities that could result

5

from a strictly literal reading of the statute, the Court concluded that the FTCA imposes two separate time restrictions on claims, both of which must be complied with by potential FTCA plaintiffs. With regard to the second time requirement, the Court held that "Congress mandated that suit be brought within six months after administrative denial of a claim. . . ." *Id.* at 613.

As was previously found by this Court, the plaintiff acknowledged receipt of the denial of her tort claim on July 29, 2008. (Dkt. # 50, at 17.) As discussed above, her FTCA action "against the United States" began in June 2009, more than ten months later. "A plaintiff's failure to strictly comply with [the FTCA's] time restrictions deprives the court of subject matter jurisdiction over her FTCA claims. See *Willis v. U.S.*, 719 F.2d 608 (2d Cir. 1983)." *Hunt v. U.S.*, No. 1:07-CV-0112 (GLS\RFT), 2007 WL 2406912, at *2 (N.D.N.Y. Aug. 21, 2007)(because the plaintiff commenced her lawsuit more than six months after mailing of the denial of claim letter, "the court lacks subject matter jurisdiction over [plaintiff's] claims"). Because the plaintiff's FTCA action "against the United States" was not filed within six months of her receipt of the notice of final denial of her claim[2], the Court concludes that it lacks

---

[2] It is not clear whether notice of the final denial of the plaintiff's claim was sent "by certified or registered mail. . . ." 28 U.S.C. § 2401(b). "Because [the plaintiff] received actual notice of the denial of [her] grievance, we conclude that the lack of certification or registration of the

subject matter jurisdiction over her FTCA claim, and that claim must therefore be dismissed.

## CONCLUSION

For the foregoing reasons, the defendant's renewed motion to dismiss **(dkt. # 51)** is **GRANTED**.

**SO ORDERED** this 13th   day of April, 2011.

_____/s/ DJS_____

**DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE**

---

mail did not prevent section 2401(b)'s limitations period from running." *Pipkin v. U.S. Postal Service*, 951 F.2d 272, 274 (10th Cir. 1991). Here, the July 24, 2008 notice of final denial advised the plaintiff that if she were dissatisfied with the denial "you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this memorandum." (Dkt. # 28-5, at 2.)